## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

TANYA LAMASTUS,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )         Case No. 05-1309-MLB
                                         )
BETHANY HOME ASSOCIATION                 )
OF LINDSBORG, KANSAS,                    )
                                         )
                    Defendant.           )
                                         )
_____ )

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend her complaint (Doc. 17) and defendant's motion for sanctions (Doc. 23).  For the reasons set forth below, the motion to amend shall be GRANTED WITH CONDITIONS and the motion for sanctions shall be DENIED.

### Background

This is an action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.  Highly summarized, plaintiff alleges that she suffers from scoliosis and that her physician issued work restrictions in 2003 which limited her ability to lift patients and other

heavy objects.[1]  Defendant initially accommodated the lifting restrictions but in December 2004 requested additional medical documentation and a "functional capacity evaluation." Plaintiff asserts that she could not afford the cost of a functional capacity evaluation and, as a result, she was terminated.

## I.  Motion to Amend

Plaintiff filed a Chapter 7 bankruptcy petition and seeks to add the Chapter 7 bankruptcy trustee (Linda Parks) as a named plaintiff.  Defendant has no objection to this amendment; therefore, plaintiff's motion to add the Chapter 7 trustee as a named plaintiff shall be GRANTED.[2]

Plaintiff also seeks leave to add a claim that defendant violated 42 U.S.C. § 12112 by disclosing her medical condition to another employer.  Highly summarized, plaintiff alleges that after her termination by defendant she sought employment with Dignity Care, a nursing home facility located in Salina, Kansas and that defendant informed Dignity Care that she suffered from scoliosis and had lifting restrictions.  Plaintiff alleges that she was not *immediately* hired by Dignity Care because of defendant's comments concerning her medical

---

[1]

Defendant provides adult care through various facilities.

[2]

The addition of the Chapter 7 trustee was discussed and approved during the April 18, 2006 status conference.  The remainder of the motion was opposed and taken under advisement.

status.[3]  Defendant opposes this amendment, arguing that the motion is untimely and prejudicial.  The parties' arguments are discussed in greater detail below.

## Analysis

The standard for permitting plaintiffs to amend their complaint is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[4]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.  Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."  Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). However, although "[l]iberality in amendment is important to assure a party a fair opportunity to present his claims and defenses ... 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'"  Pallottino v. City of Rio Rancho, 31 F. 3d 1023, 1027 (10th Cir. 1994)(quoting Freeman v. Continental Gin Co., 381 F. 2d 459, 469 (5th Cir. 1967)).  The court considers a number of factors in deciding

---

[3]

Dignity Care hired plaintiff full-time in January 2006.

[4]

Plaintiff may amend its complaint once as a matter of right before defendant files a responsive pleading.  Fed. R. Civ. P. 15(a).  This matter is well beyond the time for a permissive amendment.

whether to allow amendment of a complaint, including untimeliness, prejudice to the other party, bad faith, and futility of amendment.  Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendant argues that the motion to amend is untimely because plaintiff had knowledge of the facts concerning her new claim "for some time" but waited until April 18, 2006, ten days before the close of discovery (April 28, 2006) before seeking leave to add a new claim.  Defendant also argues that it has been prejudiced because it incurred the expense of traveling to Wichita to take plaintiff's videotaped deposition on March 30, 2006 and did not have an opportunity to question her about the new claim.  Plaintiff acknowledges that she learned of the facts concerning her new claim in January 2006 but offers no explanation for the delay in moving to amend the complaint.  However, plaintiff argues that discovery has not been completed and that defendant has time to complete its discovery concerning this new claim.

Plaintiff's delay in moving to amend is troubling, particularly because counsel offers no explanation for failing to seek leave to amend in January 2006 when he learned of the grounds for plaintiff's new claim.  However, the prejudice to defendant can be minimized by extending the deadline for defendant to complete discovery and shifting the costs of reopening plaintiff's deposition to plaintiff.  Accordingly, plaintiff's motion to amend the complaint shall be granted with certain conditions.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend her complaint

(**Doc. 17**) is **GRANTED** but conditioned on plaintiff (now the Chapter 7 trustee) paying the reasonable costs and fees, including court reporter costs, videotaping costs, and reasonable attorney fees and costs (including travel costs) to reopen plaintiff's deposition.  The video expenses, court reporter and travel costs must be paid in advance of the deposition.  The amount of reasonable attorney fees shall be determined after completion of the deposition.[5]

   **IT IS FURTHER ORDERED** that the parties shall confer about the remaining deadlines in this case and submit a report with proposed modifications by **May 30, 2006.**

## II.  Motion for Sanctions

   Defendant moves for sanctions against Linda Parks, the Chapter 7 bankruptcy trustee, for failure to appear *in person* at the parties' mediation conference.  Specifically, defendant contends that plaintiff's ADA lawsuit is an asset of the bankruptcy estate; therefore Parks is "the real party in interest" and her failure to attend the mediation session warrants sanctions under D. Kan. Rule 16.3(c)(2) and Fed. R. Civ. P. 16(f).  As explained in greater detail below, the court is not persuaded that monetary sanctions are appropriate.  The following chronology provides context for the motion and the court's ruling.

   On February 11, 2005, Tanya LaMastus submitted an intake questionnaire alleging disability discrimination to the U.S. Equal Employment Opportunity Commission (EEOC). While the questionnaire was under review by the EEOC, LaMastus and her husband filed

---

[5]

   The parties shall confer on the amount of reasonable attorney fees and, if unable to agree, defendant shall raise the issue by way of motion after completion of the deposition.

a Chapter 7 bankruptcy petition on April 8, 2005 but did not disclose that she had an ADA claim against defendant.  In re LaMastus, Case No. 05-11872 (Bankr. D. Kan. April 8, 2005). On April 10, 2005, LaMastus filed a formal charge of discrimination with the EEOC alleging disability discrimination.

LaMastus' debts were subsequently discharged in the course of her bankruptcy proceeding.  Because LaMastus had not disclosed her ADA claim and there were no apparent assets for distribution, the bankruptcy trustee (Linda Parks) filed a report of "no distribution" and the bankruptcy case was closed on August 30, 2005.

On October 7, 2005, LaMastus filed this lawsuit seeking an award of monetary damages for disability discrimination under the ADA.  A scheduling order was entered (Doc. 5) which ordered the parties to select a mediator and participate in "the ADR process." Consistent with the scheduling order, LaMastus and defendant selected Larry Rute as their mediator and scheduled the mediation for April 14, 2006.

During the discovery process defendant learned that LaMastus had filed bankruptcy and had not disclosed her ADA claim.  Linda Parks, the Chapter 7 trustee, was advised of the lawsuit and on March 2, 2006 moved to reopen LaMastus' bankruptcy case based on "newly discovered assets."  Parks' motion was granted on March 6, 2006.

On April 4, 2006, defendant sent a letter to Alex Mitchell, the attorney who filed this lawsuit for LaMastus, asking for written confirmation that the Trustee had appointed Mitchell to represent the Trustee's interests in the ADA lawsuit.  Defendant also sought to confirm that Mitchell would bring a representative of the Trustee's office with full authority to settle

the matter to the April 14 mediation.  Mitchell never responded to defendant's confirmation requests.

On April 14, 2006, defendant appeared for mediation with two employees who had authority to settle the case.  Mitchell and LaMastus also appeared for mediation.  Parks did not appear and Mitchell stated that the Parks had appointed him to represent the Trustee's interests in the case.  Defendant disagreed with Mitchell's assertion that his appearance was sufficient.  After the parties discussed the issue with the mediator, a call was placed to Parks and she participated by telephone.[6]  Defendant argues that Parks' participation by telephone violates D. Kan. Rule 16(c)(2) and that sanctions are warranted under Fed. R. Civ. P. 16(f).  The parties' arguments are discussed in greater detail below.

## Analysis

Defendant's argument for sanctions is relatively straightforward:  (1) the scheduling order required the parties to engage in mediation; (2) attendance by a party or its representative with settlement authority is mandatory unless the court orders otherwise; (3) the Trustee was not excused by the court; and (4) Fed. R. Civ. P. 16(f) allows the court to award sanctions if a party or party's attorney fails to obey a scheduling order.  Although defendant's argument has some superficial appeal, closer scrutiny of the circumstances leads this court to conclude that sanctions should not be imposed against Linda Parks; thus, the

---

[6]

The mediation was conducted in Topeka, Kansas.  The trustee practices in Wichita, Kansas.

motion shall be denied.

First, the local rules of this district concerning "mandatory attendance" are not as black and white as defendant suggests. Although the Chapter 7 trustee clearly had an interest in this lawsuit, technically, Linda Parks was not a *party* until the complaint was amended.[7] This distinction is significant because attendance is *mandatory* for a "party" unless the court orders otherwise. See D. Kan. Rule 16.3(c)(2). In contrast, "interested nonparties" are *strongly encouraged* to attend the mediation. See D. Kan. Rule 16(c)(3).[8] The phrase "strongly encouraged" conveys that the nonparty has discretion whether to appear at the mediation. Accordingly, sanctions are not appropriate when the nonparty exercises that discretion and does not appear in person.

Similarly, the court's authority under Fed. R. Civ. P. 16(f) to impose sanctions extends only to *a party* or *a party's attorney*. Rule 16(f) contains no provision for the imposition of

---

[7]
The motion to add the Chapter 7 trustee as a party was filed April 18, four days after the mediation.

[8]
D. Kan. Rule 16.3(c)(2) provides:

Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless the court orders otherwise.

D. Kan. Rule 16.3(c)(3) provides:

(3) Notice to Interested Nonparties. Counsel shall coordinate with the mediator and identify any nonparties who shall have an interest in the case (including, but not limited to, primary and excess liability insurance carriers, subrogees, and lienholders). Counsel shall provide written notice to all interested nonparties informing them of the date and location of the mediation and that their participation is **strongly encouraged.** A copy of such notice shall be provided to all parties and the mediator. (Emphasis added).

sanctions against a nonparty.

The fact that LaMastus' ADA claim is an asset of a Chapter 7 bankruptcy proceeding adds another wrinkle which neither party mentions: a Chapter 7 trustee does not have unfettered authority to settle a lawsuit during mediation.  Pursuant to Fed. R. Bankr. P. 9019(a), the trustee must file a motion in the bankruptcy case for approval of the proposed settlement and notice must be given to the U.S. Trustee, creditors and the debtor before the settlement can be finalized.  Defendant's suggestion that this case was not settled at mediation because Linda Parks failed to appear in person ignores the bankruptcy requirements for settling a claim.[9]

Defendant argues that Parks should not be excused from sanctions because she is (1) "the real party in interest" and (2) failed to take appropriate action concerning an asset of the bankruptcy estate.  In essence, defendants are complaining that Parks is not performing her responsibilities as a Chapter 7 trustee.  However, whether Parks is discharging her responsibilities as a Chapter 7 trustee is an issue which is better addressed by the U.S. Trustee's office and the bankruptcy judge.

In summary, the court declines to impose sanctions against Linda Parks because the

---

[9]

The court's comments concerning Rule 9019 should not be construed as a basis for a Chapter 7 trustee to ignore her duty to participate in court ordered mediation.  In this case the active participation and personal appearance of the trustee would have been beneficial to the mediation.  Rule 9019 is mentioned merely to illustrate that there are circumstances when a party is unable to appear at mediation "with full settlement authority" and D. Kan. Rule 16.3(c)(2) cannot be construed as rigidly as suggested by defendant.

reopening of LaMastus' bankruptcy case and the timing of the motion to amend present

unique factual circumstances.  With the benefit of 20/20 hindsight, it is now clear that the

mediation should have been continued until Ms. Parks' participation was clarified.[10]

However, Ms. Parks is now a named party in this lawsuit and subject to the court's

jurisdiction.  She must comply with the federal rules of civil procedure as well as all local

rules applicable to a party.[11]

IT IS THEREFORE ORDERED that defendant's motion for sanctions (Doc. 23)

is DENIED.

IT IS FURTHER ORDERED that Alex Mitchell shall provide evidence that he is

authorized to appear as an attorney for the estate and/or the Chapter 7 trustee by May 30,

2006.  Failure to comply with this order may result in the imposition of sanctions, up to and

---

[10]

Either party could have sought clarification before the mediation.  Mr. Mitchell should have responded to defendant's letter as a matter of professional courtesy. However, defendant should have raise the matter with the court before mediation when no response was provided.  A phone call or email would have avoided the problem.

[11]

Mr. Mitchell's argument that his client, the Chapter 7 trustee, does not have to appear for mediation is simply wrong.  If the Chapter 7 trustee is a *party*, she must appear in person for the mediation unless the court orders otherwise.  Issues concerning the appearance of a party must be raised well in advance of the mediation conference and will be resolved on a case-by-case basis.

Mitchell's argument that he has authority to represent the trustee is without any evidentiary foundation.  Moreover, it is not clear that Mitchell has authority to act in any capacity in this case.  Although an application was filed with the bankruptcy court to appoint Mitchell as attorney for the estate, no order has been entered.  Mitchell must provide proof that he is authorized to represent the Chapter 7 trustee before proceeding in this case.

including dismissal of the case.

Dated at Wichita, Kansas this 18th day of May 2006.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge